IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FRED HEIDARPOUR, obo

ABANTE ROOTER,

    Plaintiff,

                           CIVIL FILE NO.: 16-cv-25004

v.

RAPID CAPITAL FUNDING, LLC.

    Defendant.
_____/

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, brings this action against Defendant, on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

    This action arises out of the facts and circumstances surrounding phone calls made to the Plaintiff. Plaintiff, an individual, institutes this action for actual and statutory damages against the defendant and the costs of this action against Defendant for violations of the Telephone Consumer Protection Act (hereinafter "TCPA") 47 U.S.C. 227 et seq. Plaintiff is an individual who owns and operates Abante Rooter, a plumbing business serving in Alameda County and Contra Costa County. Plaintiff's business has been in business since 1992 and provides general plumbing related services to the public and has done so consistently since 1992. The cell phones in question are used by Plaintiff in

connection with his personal affairs as well as business purposes in a manner consistent with the law. Defendant is a solicitor and telemarketer who combs and mines data from various websites for the purpose of collecting cell phone numbers in an effort to solicit customers in order to entice the public to take out loans with unfavorable terms. Plaintiff has received auto-dialed calls in the past and is familiar with ATDS related calls as well as pre-recorded calls generated by ATDS equipment. In the offending calls described below, Plaintiff can identify the ATDS nature of the calls placed by Defendant on account of having heard "click" and after having suffered through delays and long pauses prior to Defendant's "live" representatives coming on to the line. Defendant continued making these calls to Plaintiff's cell phone even after having been asked repeatedly to stop the calls as set forth below.

## PARTIES

1. Plaintiff is a natural person residing in Maricopa County, AZ.

2. Defendant is a company engaged in the business of telemarking.

## II. JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court by 28 U.S.C. 1331.

4. Venue is this District is proper in that the Defendant's principal place of business is located at 11900 BISCAYNE BOULEVARD, SUITE 201, MIAMI, FL 33181, which falls under

the jurisdiction of the Southern District of Florida.

### III. STATUTORY STRUCTURE TCPA

5. The Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") amended the Federal Communications Act 47 U.S.C. 151, et seq. ("FCA") to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements.

6. Under the TCPA "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-

   (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

   (B) to dial such numbers. See, 47 U.S.C. 227 (a)(1).

7. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice message to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

8. Under the TCPA, a person or entity may, if otherwise permitted by the laws of the rules of the court of a State, bring in an appropriate court of that State:

   (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

   (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

   (C) both such actions.

9. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. 227(b)(3).

## IV. FACTUAL ALLEGATIONS

10. Plaintiff was assigned a number by his cell phone provider, AT&T. These cell phones include cell phones with numbers 510-540-7210, 209-383-3803, 510-459-6147, and 925-828-1080. These phones are, respectively, registered to Abante Rooter & Plumbing.

11. Plaintiff never gave the Defendant express consent to be called with an ATDS.

12. Defendant called Plaintiff with an ATDS.

13. Plaintiff made several requests that Defendant cease and desist calling him, beginning in August of 2015.

14. Beginning in March 2016, Defendant again began placing autodialed calls to Plaintiff's cell phone[1]:
    a. Auto dialed call from caller ID number 305-209-9881 to business cell 510-540- 7210 on 03/16/16 talked with "Charles", who introduced himself as a representative for Rapid Capital Funding.

    b. Auto dialed call from caller ID number 305-455-9450 to business cell 925-828-1080 on 04/27/16 talked with "Johns", who introduced himself as a representative for Rapid Capital Funding.

    c. Auto dialed call from caller ID number 305-455-9450 to business cell 925-828-1080 on 05/02/16 talked with "Ray or -Joe", who introduced himself as a representative for Rapid Capital Funding.

    d. auto dialed call from CID 305-455-9450 to cell 209-383-3803 on 06/06/16 from "Chris." Stated he was an agent for Rapid Capital Funding.

    c. auto dialed call from CID 305-455-9450 to cell 209-383-3803 on 06/07/16.

    d. auto dialed call from CID 305-455-9450 to cell 209-383-3803 on 06/08/16 from "John" Stated he was an

---

[1] Plaintiff attests that the incoming calls from Defendant were calls made with an automated dialing system and that upon each received call, Plaintiff would hear delays and/or pauses and even "clicks" for extended time periods prior to a "live" representative answering each offending call referenced in this complaint.

agent with Rapid Capital Funding.

e. auto dialed call from CID 305-455-9450 to cell 209-383-3803 on 06/08/16 from "John." Agent hung up upon hearing Mr. Heidarpour.

f. live call from Mario of Rapid Capital Funding from CID 786-209-0061 to cell 510- 459-6147 on 06/14/16.

g. second live call from Mario from CID 786-209-0061 to cell 510-459-6147 on 06/14/16.

h. live call from Mathew of Rapid Capital Funding from CID 786-209-0061 to cell 510-459-6147 on 06/15/16 and Defendant was told to stop calling.

i. auto dialed call from CID 305-400-4752 to cell 209-383-3803 on 06/24/16 from "James." and Defendant was told to stop calling.

j. (3) auto dialed calls from CID 305-455-9450 to cell 209-383-3803 on 06/27/16 from "James." Introduced himself as a rep for Rapid Capital Funding.

k. Auto dialed call from CID 305-455-9450 to cell 925-828-1080 on 06/27/16 from "Joe" from Rapid Capital Funding and Defendant was told to stop calling.

l. Auto dialed call from caller ID number 646-582-9043 to business cell 510-459-6147on 08/26/16 talked with "Nelson Nunez" who introduced himself as a representative for Rapid Capital Funding. Defendant was told to stop contacting Plaintiff,

      but Defendant continued contacting Plaintiff.

   m. Auto dialed call from CID 786-724-1910 to cell 925-828-1080 on 10/18/16 from "Robert Schmitt" from Rapid Capital Funding.

15. On June 7, 2016, Defendant's agent Soloman Caldwell sent to Plaintiff an email. On June 8, Plaintiff replied and requested that Defendant cease and desist. Mr. Caldwell acknowledged and stated that he had "cleared the file." See email, attached as **Exhibit A**.

### V. TCPA VIOLATIONS

16. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TCPA include, but are not limited to, the following:

17. The actions of the Defendant individually and collectively violated the TCPA by the Defendant calling the Plaintiff's cellular phone without express consent with an ATDS, when the Plaintiff's number was listed on the National Do Not Call Registry, in violation of the TCPA. 47 U.S.C. 227, *et sec*.

18. Defendant filed to transmit its telephone number and its company name when placing calls to Plaintiff.

19. The actions of Defendant were willful and knowing.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1) Statutory damages pursuant to TCPA 47 U.S.C. 227;

(2) Fair and reasonable costs of this action and court costs;

(3) Injunctive relief;

(4) Such other and further relief that the Court deems just and proper.

Certificate of Service

I hereby certify that a true and accurate copy of the foregoing has been filed with the Court's electronic filing system which is designed to send this document to all counsel of record in a contemporaneous manner on this 14th day of April 2017.

/s/ W. John Gadd
W. John Gadd, Esq.
FL Bar Number
463061 Bank of
America Building
2727 Ulmerton Rd., Suite 250
Clearwater, FL 33762
Tel: (727)524-6300
Fax: (727)498-2160
Email: Wjg@mazgadd.com

# Attachment A

11/30/2016                                                        Workspace Webmail :: Print

Print | Close Window

Subject: Fwd: Per Your Request: We've Qualified your Business for Immediate Working Capital
From: Fred <fredpour60@gmail.com>
Date: Tue, Nov 29, 2016 3:52 pm
To: "W. John Gadd" <wjg@mazgadd.com>
Attach: ~WRD000.jpg
~WRD000.jpg
~WRD000.jpg
~WRD000.jpg
~WRD000.jpg
image001.jpg

Sent from my iPhone

Begin forwarded message:

> From: Solomon Caldwell <scaldwell@rapidcapitalfunding.com>
> Date: June 8, 2016 at 8:32:49 AM PDT
> To: Fred <fredpour60@gmail.com>
> Subject: RE: Per Your Request: We've Qualified your Business for Immediate Working Capital

Ok just cleared your file thanks for the follow up

From: Fred [mailto:fredpour60@gmail.com]
Sent: Wednesday, June 08, 2016 8:22 AM
To: Solomon Caldwell
Subject: Re: Per Your Request: We've Qualified your Business for Immediate Working Capital

Not interested
Do not call me

Sent from my iPhone

On Jun 7, 2016, at 1:28 PM, <scaldwell@rapidcapitalfunding.com> <scaldwell@rapidcapitalfunding.com> wrote:

### Per your request: We've Pre-Qualified your Business for $35,000 in Immediate Working Capital

June 7, 2016

Dear Mrs Abante,

Thank you so much for giving me the opportunity to speak to you about the advantages that Rapid Capital Funding offers to business owners like yourself. The good news is, based on your total gross sales you are:

### PRE – QUALIFIED FOR:

### $35,000

Our Merchant Cash Advance Program provides you with the opportunity you need to grow and succeed with no limitations or restrictions on how the money is used.

- No personal guarantee
- Poor credit is not a barrier
- No collateral required
- No application fee
- Payback is made periodically through your future sales
- Receive funds in as little as 3 business days

It's easy to get started, just click the link below.

If the link does not work, cut-and-paste the below url into your browser.

https://rapidsign.rcfweb.com/sam/readme.aspx?appkey=4daa6d14-a684-436e-9197-a1a4b38544e7&owner=66726564706f7572363040676d61696c2e636f6d

Please submit **three months of your most recent business banking statements** (must have all pages). Also, if your business accepts credit cards, please include your **most recent merchant processing statement.**

Rapid Capital will perform a FREE workup for you.
A pre-approval will be available for you within 24 hrs.

Please feel free to contact me with any questions you might have. I am looking forward to helping you continue to grow your business!

**Solomon Caldwell**
Senior Funding Specialist
Rapid Capital Funding
11900 Biscayne Blvd #201
Miami FL, 33181
*(786) 279-4887* - Direct
- Fax

Copyright © 2016, Rapid Capital Funding. All rights reserved.

